M. Irene OESTERLING, Appellant,

v.

Harry N. WALTERS, in his official capacity as Administrator of Veterans Affairs, Appellee.

No. 84–2072.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 26, 1985.

Decided April 15, 1985.

Rehearing and Rehearing En Banc Denied May 30, 1985.

M. Irene Oesterling, pro se.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

M. Irene Oesterling brought an action under section 501(b) of the Rehabilitation Act of 1973, 29 U.S.C. § 791(b), alleging that her former employer, the Veterans Administration (VA), discriminated against her on the basis of her physical handicap (1) by failing to reassign her to a suitable position after eliminating her clerk-typist position and (2) by discharging her for not reporting to a position which she allegedly could not perform. Following a bench trial, the District Court[1] entered judgment against Oesterling. We affirm.

### I.

Oesterling began working for the VA in Sioux Falls, South Dakota as a GS–3 clerk-

---

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

typist on November 9, 1977. While working in this position, she received several high performance ratings. The position required her to type and file, and thus allowed her to sit and stand alternatively throughout the day.

On July 25, 1979, Oesterling suffered scrapes and lacerations to her knees and hands when she fell in a parking lot while returning from lunch. She filed a claim for worker's compensation, which was denied.

In October 1979, because of a reduction in the work force at the VA, Oesterling's position and three other positions were eliminated. Oesterling's supervisor informed her that effective October 23, 1979, she would be reassigned to a GS-3 mailclerk position in another division of the VA in Sioux Falls.[2] Oesterling objected to the reassignment and refused to report for work on the ground that her leg problems would prevent her from standing or walking for long periods of time. She applied for disability retirement, filed an Equal Employment Opportunity (EEO) complaint in which she alleged that the VA had discriminated against her by intentionally reassigning her to a job that she could not perform, and requested that the VA find her a suitable position.

Oesterling took a lengthy leave of absence after filing her disability retirement and EEO claims; she exhausted her sick leave and annual leave and went on leave without pay. While on leave without pay, Oesterling applied for several announced vacancies and in March 1981 was hired as a transcriptionist in the administration division of the VA. She began this new job in early April 1981.

Oesterling had no success on any of the various claims she had filed. Her application for disability retirement was denied and, on appeal, the Merit Systems Protection Board (MSPB) affirmed the denial. An EEO investigator conducted a hearing and found that she had not been discriminated against in the October 1979 job reassignment. The Equal Employment Opportunity Commission (EEOC) affirmed the investigator's finding.

Meanwhile Oesterling encountered difficulty in her job as a transcriptionist; her typing skills were inadequate and her productivity was quite low. After meeting with Oesterling several times to discuss her productivity problem, her supervisor informed her that if she did not meet eighty percent productivity by August 15, 1981, he would recommend her removal.

Oesterling filed another EEO complaint alleging handicap discrimination and on August 10, 1981, reapplied for disability retirement and went on leave. Oesterling again exhausted her sick leave and annual leave and remained on leave without pay pending a determination of her claims. Her application for disability retirement was again denied and, following an investigation and hearing, the EEOC again found no discrimination.

The period during which Oesterling could remain on leave without pay was to expire on August 2, 1982. Oesterling requested an extension of that leave period to await the outcome on appeal of her claims. Her supervisor denied the request and ordered Oesterling to return to work by August 2, 1982. When she failed to return to work, her supervisor issued reprimands against her and ultimately sent her a certified letter stating that she would be removed effective September 22, 1982.

Oesterling appealed her removal to the MSPB, which dismissed her case. She filed another EEO complaint alleging handicap discrimination in her removal. The EEOC found no discrimination.

Oesterling then filed this action in the District Court, alleging violation of the Rehabilitation Act's prohibition against handicap discrimination. By stipulation, her several EEO complaints were combined in submission of the case. Following a bench trial, the District Court concluded that Oes-

---

**2.** The District Court found that this position was the only GS-3 position available at the time Oesterling's clerk-typist position was eliminated.

terling was not a handicapped individual within the meaning of the Rehabilitation Act and, further, that the VA did not discriminate against her on the basis of her alleged handicap.

Appealing pro se, Oesterling argues that the District Court (1) erroneously concluded that she was not a handicapped individual within the meaning of the Rehabilitation Act; (2) made several other erroneous factual findings; and (3) erroneously concluded that, even if she was a handicapped individual, the Veterans Administration did not discriminate against her on the basis of her handicap.

## II.

The Rehabilitation Act defines a handicapped individual as one who "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(7)(B). Major life activities are defined as "functions, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1613.-702(c).

▇ We view the question of whether a person is a handicapped individual within the meaning of the Rehabilitation Act as one of fact. A trial court's determination that an individual is or is not handicapped within the meaning of the Rehabilitation Act therefore must be affirmed unless that determination is clearly erroneous. *See* Fed.R.Civ.P. 52(a).

There is no dispute that Oesterling has a physical impairment (varicose veins in her legs), or that this impairment to some degree affects her ability to stand and sit. And it seems beyond dispute that standing and sitting are major life activities; although 29 C.F.R. § 1613.702(c) does not specifically include standing and sitting in its enumeration of major life activities, some of the activities specified by the regulation necessarily involve the ability to stand and sit. Furthermore, the plain lan-

guage of the regulation establishes that its enumeration of certain functions is representative rather than exhaustive. The critical issue in this case is whether Oesterling's impairment substantially limits some of her major life activities, *i.e.,* standing and sitting, so as to render her handicapped within the meaning of the Rehabilitation Act.

▇ The four physicians who diagnosed Oesterling as having varicose veins described her condition as mild to moderate. These four physicians all believed that Oesterling could perform jobs that allowed her to sit and stand alternately throughout the day. Oesterling's family physician, Dr. Grau, noted that although the varicosities in her right leg rapidly became distended on standing, they drained well at rest. After carefully reviewing this evidence, as well as the remainder of the record, we conclude that the District Court's finding that Oesterling's condition does not constitute a handicap within the meaning of the Rehabilitation Act is not clearly erroneous.

▇ The District Court also found that the injuries she suffered in her July 1979 fall were minor, that her complaints about her physical condition first arose when she was advised that her clerk-typist position was being eliminated, and that her complaints again surfaced when she was about to be terminated from her transcriptionist position. Oesterling claims that these findings are erroneous. It is unnecessary, however, to consider Oesterling's challenge to these findings. Even if they are assumed to be erroneous, they do not affect the soundness of the District Court's ultimate and dispositive finding that Oesterling is not handicapped within the meaning of the Rehabilitation Act. *See Norcross v. Sneed,* 755 F.2d 113, 119 (8th Cir.1985).

Finally, because the District Court correctly found that Oesterling is not handicapped within the meaning of the Rehabilitation Act, we need not examine its alternative holding that the VA did not discriminate against Oesterling on the basis of her alleged handicap. An individual cannot be

the victim of handicap discrimination that is actionable under the Rehabilitation Act unless that individual is handicapped within the meaning of the Act.

The judgment of the District Court is affirmed.