```
                              _____

                              No. 95-1535
                              _____
```

Mitchell Woods,                      *
                                     *
      Appellant,       *
                                     *
    v.                  *    Appeal from the United States
                                     *    District Court for the
Tyler Mountain Co., Inc., doing      *    Eastern District of Missouri.
business as Tyler Mountain Water     *
Co., Inc.,                           *         [UNPUBLISHED]
                                     *
      Appellee.        *

```
                              _____

                  Submitted:  November 24, 1995

                    Filed:  January 10, 1996
                              _____
```

Before FAGG, MAGILL, and BEAM, Circuit Judges.
```
                              _____
```

PER CURIAM.

Mitchell Woods appeals from the district court's[1] grant of summary judgment on his employment discrimination claims in favor of Tyler Mountain Co., Inc. (Tyler Mountain), a beverage packager that terminated him as general manager of its St. Louis, Missouri plant. Woods argues only that the district court erred with regard to his pendent claim that his employment was terminated because of his alleged handicap--permanent impairment resulting from a broken arm--in violation of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010-213.137 (1994). We affirm.

---

[1]The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1988).

We review de novo a grant of summary judgment, applying the same standards as the district court. Miller v. National Casualty Co., 61 F.3d 627, 628 (8th Cir. 1995). We affirm when the record, viewed in the light most favorable to the nonmovant, shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Demming v. Housing & Redev. Auth., 66 F.3d 950, 953 (8th Cir. 1995). Because we are considering a state law claim under our pendent jurisdiction, we "apply federal rules of procedure, and follow state law to resolve issues of substance." Sayre v. Musicland Group, Inc., 850 F.2d 350, 352 (8th Cir. 1988).

We conclude that the district court properly granted Tyler Mountain's motion for summary judgment, because Woods failed to satisfy his burden of establishing a prima facie case of handicap discrimination. See Stratton v. Missouri Dep't of Corrections, 897 S.W.2d 1, 4 (Mo. Ct. App. 1995) (plaintiff has burden of establishing prima facie case); cf. Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 971 (8th Cir. 1994) (summary judgment appropriate against party who fails to show existence of element essential to party's race discrimination case).

Under the MHRA, it is unlawful to discharge an employee because of a handicap. Mo. Rev. Stat. § 213.055.1(1)(a) (1994). To establish a prima facie case of handicap discrimination under the MHRA, Woods had to show that he is handicapped under the statutory definition. See Welshans v. Boatmen's Bancshares, Inc., 872 S.W.2d 489, 493 (Mo. Ct. App. 1994). The statute defines handicap as "a physical or mental impairment which substantially limits one or more of a person's major life activities, a condition perceived as such, or a record of having such impairment, which with or without reasonable accommodation does not interfere with performing the job." Mo. Rev. Stat. § 213.010(10) (1994). Missouri regulations include employment as a major life activity; see 8 CSR 60-3.060(1)(C). While the MHRA and Missouri regulations

-2-

do not specify how substantially limiting an impairment must be in order to meet the statutory definition of handicap, and we are aware of no Missouri case addressing this issue, we note that the Missouri Supreme Court has previously adopted elements of federal law in analyzing state law discrimination claims. See, e.g., Midstate Oil Co. v. Missouri Comm'n On Human Rights, 679 S.W.2d 842, 845-46 (Mo. 1984) (en banc) (holding state law disparate-treatment claims should be evaluated under burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Accordingly, we will look to federal law--as the district court and the parties have done--for help in defining a substantially limiting impairment.

An impairment substantially limits a person's ability to work if it significantly restricts the person's "ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." 29 C.F.R. § 1630.2(j)(3)(i). An impairment that only prevents a person from performing one particular job is not a substantially limiting impairment. See Malding v. Sullivan, 961 F.2d 694, 698 (8th Cir. 1992) (sensitivity to chemicals that prevented only lab work did not substantially limit employment as a whole), cert. denied, 113 S. Ct. 1255 (1993). The determination of whether an impairment is substantially limiting is made on a case-by-case basis, and is concerned with "whether the particular impairment constitutes for the particular person a significant barrier to employment." Forrisi v. Bowen, 794 F.2d 931, 933 (4th Cir. 1986). Factors relevant to this inquiry are "the number and type of jobs from which the impaired individual is disqualified, the geographical area to which the individual has reasonable access, and the individual's job expectations and training." Jasany v. United States Postal Serv., 755 F.2d 1244, 1249 (6th Cir. 1985).

In this case, Woods has a permanent impairment resulting from

-3-

a broken arm.  This impairment includes a decreased range of motion in his left wrist, a restricted ability to lift with his left arm, a decreased writing ability, a reduced ability to operate a keyboard, pain associated with repetitive left arm movements, and an inability to drive a car without an automatic transmission.[2]  It is undisputed, however, that Woods could delegate manual tasks as general manager of Tyler Mountain's plant.  It is also undisputed that Woods is able to hunt and fish, although he has had to change his methods of performing those activities, and that he is currently employed as plant manager for another manufacturer in Texas.  Given these facts, we agree with the district court that Woods' major life activity of employment has not been substantially limited.  Although the manner in which Woods must conduct his work may have been somewhat altered, his impairment has not resulted in a significant barrier to his continued employment as a plant manager.  See Oesterling v. Walters, 760 F.2d 859, 861 (8th Cir. 1985) (concluding appellant was not handicapped although impairment "to some degree" affected ability to perform major life activities of sitting and standing).  We also agree that Woods' major life activity of lifting has not been substantially impaired.  See Duthcher v. Ingalls Shipbuilding, 53 F.3d 723, 726 (5th Cir. 1995) (finding arm impairment not substantially limiting where evidence showed appellant could feed herself and drive a car, had trained herself to perform basic tasks with her impaired arm, and appellant's medical expert testified she could do some lifting).

Finally, we do not believe Woods established a genuine issue regarding whether Tyler Mountain perceived him as having an

---

[2]A broken arm of itself does not, of course, constitute a handicap; see 29 C.F.R. § 1630.2(j) (Appendix) (1995) ("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities.  Such impairments may include, but are not limited to, broken limbs . . .").  A handicap may exist, however, where a long-term or permanent impairment arises because a limb heals improperly, id.

-4-

impairment that substantially limited his ability to work. An employer does not necessarily perceive an employee as handicapped simply because it finds the employee to be incapable of satisfying the "singular demands of a particular job." Forrisi, 794 F.2d at 934. Rather, "an employer regards an employee as handicapped in his or her ability to work by finding the employee's impairment to foreclose generally the type of employment involved." See id. at 935. While Woods testified at his deposition that Tyler Mountain officials told him he was being terminated because he had broken his arm and "couldn't perform the duties, the job [he] had done before," he also admitted his job performance was in question before he broke his arm. Accepting Woods' statements as true, as we must, the only conclusion supported by the record is that Tyler Mountain did not perceive Woods' impairment as foreclosing work as a manager generally, but rather that Tyler Mountain found Woods incapable of satisfying the singular demands of the general manager position at its St. Louis plant.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.