942 F.Supp. 444 (1996)
Robert KRAMER, Plaintiff,
v.
K & S ASSOCIATES, Defendant.
No. 4:94CV2239-DJS.
United States District Court, E.D. Missouri, Eastern Division.
September 20, 1996.
*445 Kevin A. Nelson, Nelson and Wolff, L.L.C., St. Louis, MO, for plaintiff.
Fred A. Ricks, Jr., Associate, John F. Kuenstler, McMahon and Berger, St. Louis, MO, for defendants.

ORDER
STOHR, District Judge.
Plaintiff brings the instant action against his former employer alleging that the defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Missouri Human Rights Act ("MHRA"), § 213.010 et seq., when plaintiff was constructively discharged following his return to work in March 1994 after an off-the-job injury. The matter is now before the Court on several pretrial motions, including defendant's motion *446 to dismiss or in the alternative for summary judgment.
For purposes of the motion to dismiss or for summary judgment, the following facts are undisputed or construed in the light most favorable to plaintiff. On March 9, 1994, plaintiff's leg was broken in a non-work-related incident. Plaintiff did not return to work until March 29, 1994, at which time his leg was in a cast and he was using crutches. Plaintiff, a carpenter by training, had been serving as a Project Superintendent for the Clinton Peabody job site, which consisted of fourteen two- and three-story buildings, none with working elevators, located over several city blocks. Based on the conclusion that plaintiff's limited mobility rendered him unable to perform a number of the functions of the Project Superintendent position at such a site, defendant reassigned plaintiff to "light duty" office work and reduced plaintiff's wages to approximately half that he had been earning as Project Superintendent. On May 27, 1994, plaintiff quit because of his dissatisfaction with the reduced wages. Plaintiff asserts claims of both actual and perceived disability discrimination, as well as age discrimination.
The ADA prohibits employment discrimination "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). The MHRA similarly prohibits handicap discrimination, and "handicap" is defined as the substantial equivalent of "disability" under the federal law. § 213.055.1(1)(a) and § 213.010(10) R.S.Mo. The familiar burden-shifting framework of McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), applies in disability discrimination cases. Price v. S-B Power Tool, 75 F.3d 362, 364-65 (8th Cir.1996). Federal law may be used to analyze discrimination claims under the MHRA. Woods v. Tyler Mountain Co., Inc., No. 95-1535, 1996 WL 7045, slip op. at 2-3 (8th Cir. January 10, 1996); Tart v. Hill Behan Lumber Company, 31 F.3d 668, 671 (8th Cir.1994).
In order to establish a prima facie case of discrimination based on an actual disability, plaintiff must show that he is disabled or handicapped within the meaning of the statutory definitions, that he was able to perform the essential functions of his job, either with or without reasonable accommodation, and that he "suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises." Price, 75 F.3d at 365. "Disability" is defined in the ADA as:
(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment.
42 U.S.C. § 12102(2). The regulations promulgated pursuant to the ADA provide additional interpretive guidance concerning the terminology of the statute, and specifically state that: "[T]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities. Such impairments may include, but are not limited to, broken limbs, sprained joints, concussions, appendicitis and influenza." 29 C.F.R. Pt. 1630, App. § 1630.2(j) (emphasis added). See also Vande Zande v. Wisconsin Dep't of Admin., 44 F.3d 538, 542 (7th Cir.1995) ["Intermittent, episodic impairments are not disabilities, the standard example being a broken leg."] The Missouri regulations similarly provide. See 8 C.S.R. § 60-3.060(1)(B).
Bearing in mind that exceptions to this generalization may exist, the Court nonetheless determines as a matter of law that plaintiff's broken leg, which healed completely in approximately six months with little or no long term effects, was a temporary non-chronic impairment which does not constitute a disability within the meaning of the ADA nor a handicap within the meaning of the MHRA. Plaintiff offers no substantial or persuasive evidence to support a finding to the contrary, and fails to create a genuine dispute of fact precluding the Court's conclusion as a matter of law. On the basis of this determination, plaintiff's claims of actual disability discrimination must fail, and defendant *447 is entitled to summary judgment on Counts II and V.
In addition, the Court concludes as a matter of law that plaintiff's alleged constructive discharge was not an adverse employment action under circumstances from which an inference of unlawful discrimination arises. In two recent opinions, the Eighth Circuit has considered the nature of constructive discharge.
Constructive discharge occurs when "an employer deliberately renders the employee's working conditions intolerable and thus forces [her] to quit [her] job." Johnson v. Bunny Bread Co., 646 F.2d 1250, 1256 (8th Cir.1981) ... Intolerability of conditions is judged by an objective standard, and thus requires a showing that a reasonable person in the employee's situation would find the conditions intolerable. Moreover, in order to constitute constructive discharge, the employer's actions must have been intended to force the employee to quit.
Parrish v. Immanuel Medical Center, 92 F.3d 727, 732 (8th Cir.1996) (internal citations omitted). In Tidwell v. Meyer's Bakeries, Inc., 93 F.3d 490, 494 (8th Cir.1996), the Court held that:
To act reasonably, an employee has an obligation not to assume the worst and not to jump to conclusions too quickly. West v. Marion Merrell Dow, Inc., 54 F.3d 493, 498 (8th Cir.1995). An employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged. Id.

In this case, plaintiff complained that the unilateral reduction in his wages was in violation of the applicable collective bargaining agreement, but quit without pursuing a grievance under the agreement's available procedures. Furthermore, plaintiff offers no evidence suggesting, much less creating a genuine dispute, that defendant reduced his wages with the intent to force plaintiff to quit. To the contrary, plaintiff's deposition testimony reveals his understanding that defendant intended to restore his supervisory position and full salary once defendant considered him physically capable of performing all the duties of the job. For these reasons, the Court determines as a matter of law that plaintiff was not constructively discharged. The absence of an adverse employment action is fatal to all of plaintiff's discrimination claims, and is grounds for summary judgment in defendant's favor on Counts I through VI of the first amended complaint.
With particular relevance to plaintiff's claims based on perceived disability, the Court notes additional reasons for the entry of summary judgment. The Eighth Circuit has noted concerning the statutory definition of "disability" that "[t]he limiting adjectives `substantially' and `major' indicate that the perceived `impairment must be a significant one.'" Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir.1995) (internal citation omitted). Furthermore,
An employer does not necessarily perceive an employee as handicapped simply because it finds the employee to be incapable of satisfying the "singular demands of a particular job." Rather, "an employer regards an employee as handicapped in his or her ability to work by finding the employee's impairment to foreclose generally the type of employment involved."
Woods, slip op. at 4-5, quoting Forrisi v. Bowen, 794 F.2d 931, 934, 935 (4th Cir.1986). Although plaintiff creates a dispute of fact concerning his ability to perform the requirements of the Project Superintendent position while in a cast, he presents no evidence to support a conclusion that defendant did not genuinely believe he was unable to perform significant aspects of the job. Furthermore, it is undisputed that defendant found other work for plaintiff to perform, albeit at a reduced salary. In these circumstances, plaintiff does not create a genuine dispute regarding whether defendant perceived him as having an impairment that substantially limited his ability to work.
As noted above, the Court finds that plaintiff's deposition testimony concerning his continued performance of all job requirements as Project Superintendent creates a genuine dispute concerning the factual accuracy, if not the good faith, of defendant's proffered non-discriminatory basis for reduction of plaintiff's wages. Nonetheless, the *448 Eighth Circuit has recently held that summary judgment may be entered against a discrimination plaintiff whose "evidence is insufficient for a reasonable trier of fact to infer discrimination even though the plaintiff may have created a factual dispute as to the issue of pretext." Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1335 (8th Cir. 1996); see also Hutson v. McDonnell Douglas Corporation, 63 F.3d 771, 777 (8th Cir. 1995). "A reason cannot be proved to be `a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's, 509 U.S. at 515, 113 S.Ct. at 2752. Plaintiff has failed to create a reasonable inference that either age or a perception that plaintiff was disabled within the meaning of the ADA or MHRA was a determinative factor in the reduction of plaintiff's wages. The ultimate burden of persuasion on the critical issue of intentional discrimination remains with plaintiff, who has not come forward with evidence sufficient for a reasonable jury to infer either age or disability discrimination.
Concerning plaintiff's age discrimination claims, defendant also notes that the same decision-maker was responsible for plaintiff's hiring and, only two years later, the reduction of plaintiff's wages. As the Eighth Circuit has remarked, facts such as these "run counter to any reasonable inference of discrimination based on age." Rothmeier, 85 F.3d at 1337; see also Lowe v. J.B. Hunt Transport, Inc., 963 F.2d 173, 175 (8th Cir.1992), and Proud v. Stone, 945 F.2d 796, 797 (4th Cir.1991). Particularly in view of the responsibility of the same decision-maker, evidence that a younger person replaced plaintiff following his voluntary termination  plaintiff's sole evidence in support of his age claim  is insufficient as a matter of law to support a finding of age discrimination by a reasonable trier of fact.
For all the foregoing reasons, the Court concludes that defendant is entitled to summary judgment on plaintiff's actual disability, perceived disability and age discrimination claims, under both federal and Missouri law. Plaintiff resists summary judgment by insisting that each of a number of issues defendant raises are questions of fact. Questions of fact are susceptible to determination as a matter of law in the summary judgment context, however, where plaintiff fails to adduce admissible evidence which creates a genuine dispute concerning them. Once the movant has met its burden on summary judgment, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2739 (1983). "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no `genuine issue for trial'." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The Court concludes that this is such a case.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss or for summary judgment [Doc. # 45] is granted.
IT IS FURTHER ORDERED that defendant's motion to strike portions of plaintiff's materials in opposition to defendant's motion for summary judgment [Doc. # 48] is denied as moot.
IT IS FURTHER ORDERED that plaintiff's motion to compel discovery and for attorney's fees and costs [Doc. # 50] is denied as moot.