In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1863

JOHN WILLIAMS,

*Plaintiff-Appellant,*

*v.*

EXCEL FOUNDRY & MACHINE, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04 C 1387–**Joe Billy McDade**, *Judge.*

ARGUED JANUARY 4, 2007—DECIDED JUNE 1, 2007

Before POSNER, RIPPLE, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* John Williams brought suit against his former employer, Excel Foundry & Machine, Incorporated, claiming that Excel violated the Americans with Disabilities Act by terminating him on account of his disability. The district court granted Excel's motion for summary judgment, finding that Williams, who claimed an inability to balance on one leg or to stand for long periods, was not substantially limited in the major life activity of standing, and therefore not disabled. For the reasons detailed below, we agree and affirm.

## I. BACKGROUND

The following facts are recounted in the light most favorable to Williams, who was hired to work in Excel's foundry in November 2001 in a job that required heavy lifting. Nearly one year later, Williams, after falling from a tree stand while hunting, fractured his spine in several places. During the next two and a half months, Williams remained off work while recovering from his injuries.

In January 2003, Williams's physician released him to return to work on "light duty," with instructions to avoid frequent bending, stooping, and lifting of more than twenty pounds. Although Williams was later permitted to lift up to fifty pounds, he never fully recovered. He remained (and remains) impaired in his ability to stand for long periods and to balance himself. Although able to stand for thirty to forty minutes while constantly moving, after longer periods, he experienced a sharp, aching pain in his back and left leg resembling the sensation of a pulled muscle. That pain could be alleviated by sitting or lying down for a brief period. Additionally, because of difficulty balancing on one leg, Williams had to hold onto something to put on pants.

Upon returning to work, Williams performed "light duty" work in Excel's Shipping and Receiving department, including removing items from crates, cleaning them, and stenciling them with part numbers. Williams was told that he could take short breaks as needed, and he accepted that invitation, taking breaks every hour to sit or lie down for a few minutes before returning to work. By taking periodic breaks, Williams had no problem doing his job, and during his first year in Shipping and Receiving, he consistently received average to excellent performance ratings.

Williams continued to work in Shipping and Receiving until January 30, 2004, when Excel terminated his em-

ployment, purportedly because he started a rumor that Excel discharged an employee on recovery from a work-related injury. Williams admits that he told another employee that a co-worker had been terminated although he knew that was not the case. However, he maintains that the rumor was started a day earlier by another employee, and that he was the only person terminated or even disciplined on account of the rumor.

On November 8, 2004, Williams filed suit against Excel, claiming that he was disabled and that Excel terminated him because of that alleged disability. The district court granted Excel's motion for summary judgment, concluding that Williams was not disabled because his inability to stand continuously for an hour did not represent a substantial limitation when compared to the average person's ability to stand. Williams now appeals.

## II.  ANALYSIS

We review a district court's grant of summary judgment de novo, viewing all facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anders v. Waste Mgmt. of Wis., Inc.*, 463 F.3d 670, 675 (7th Cir. 2006). Summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The Americans with Disabilities Act ("ADA") prohibits discrimination against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Therefore, our

inquiry begins by assessing whether Williams has established that he is disabled within the meaning of the ADA. *Burnett v. LFW Inc.*, 472 F.3d 471, 483 (7th Cir. 2006).

An individual is disabled under the ADA if: (1) he has an impairment that substantially limits one or more of his major life activities; (2) he has a record of such an impairment; or (3) his employer regards him as having such an impairment. 42 U.S.C. § 12102(2). Williams seeks only to satisfy the first definition of disability by proclaiming his back injury an impairment and standing a major life activity. Excel does not dispute that a fractured back is an impairment or that the ability to stand is a major life activity. *See* 29 C.F.R. § 1630.2(h)(1) (indicating that a physiological disorder that affects the musculoskeletal system is an impairment); 29 C.F.R. pt. 1630, App., § 1630.2(i) (including "standing" in list of major life activities); *Scheerer v. Potter*, 443 F.3d 916, 920 (7th Cir. 2006) (discussing standing as a major life activity); *Burks v. Wis. DOT*, 464 F.3d 744, 755 (7th Cir. 2006) (same); *see also Gretillat v. Care Initiatives*, 481 F.3d 649, 653 (8th Cir. 2007) ("Walking and standing are major life activities.").[1] The crux of the parties' disagreement, then, is whether Williams is sufficiently, meaning *substantially*, limited in the ability to stand.

A person is substantially limited within the meaning of the ADA if he is: (1) unable to perform a major life activity that the average person can; or (2) *significantly*

---

[1] Because neither party challenges the validity of the Equal Employment Opportunity Commission's regulations interpreting the ADA, we "assume, arguendo, that the EEOC regulations regarding disability determinations are valid." *See EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 438 n.3 (7th Cir. 2000) (citing *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 523 (1999)).

*restricted* as to the condition, manner or duration under which he can perform a major life activity as compared to the average person. 29 C.F.R. § 1630.2(j)(1); *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 937 (7th Cir. 2007). Williams does not suggest that he is unable to stand, but rather that his inability to stand for more than thirty to forty minutes at a time without briefly sitting or lying down to alleviate discomfort, and his inability to balance on one leg, constitute significant restrictions on the activity of standing.

It is not apparent to us, however, that Williams's limitations amount to *significant* restrictions on the condition, manner or duration of his ability to stand as compared to the average person. Certainly common conditions, like excess weight and back pain, impair an individual's ability to stand for long periods or on one leg. But all persons impaired by virtue of common afflictions cannot be disabled. *See Mays v. Principi*, 301 F.3d 866, 869 (7th Cir. 2002) ("The number of Americans restricted by back problems to light work is legion. They are not disabled."); *Baulos v. Roadway Express*, 139 F.3d 1147, 1153 (7th Cir. 1998) (finding that truck drivers with sleep disorders were not substantially limited in the major life activity of working because "lack of sleep is a common ailment suffered by a majority of truck drivers assigned to sleeper duty").

The Equal Employment Opportunity Commission's regulations reinforce our determination that Williams's impairment is not substantial. Those regulations provide that a person is substantially limited in the ability to walk if he "can only walk for *very brief* periods of time . . . ." 29 C.F.R. pt. 1630, App., § 1630.2(j) (emphasis added). In *Taylor v. Pathmark Stores, Inc.*, the Third Circuit relied upon the EEOC regulations in ruling on the disability discrimination claim of an employee who walked with a

limp and required a ten-minute break during every hour of walking or standing. 177 F.3d 180, 186 (3d Cir. 1999). Finding that fifty minutes was not a "very brief" period, the court held that the employee, who could stand or walk for fifty minutes at a time, was not significantly restricted in his ability to walk or stand as compared to the average person. *Id.* at 186-87.

Because we also believe that thirty to forty minutes is not a "very brief" period, we find that Williams's inability to stand for longer periods does not constitute a substantial limitation on the major life activity of standing. We join the company of several of our sister circuits in reaching this conclusion. *See, e.g.*, *Dupre v. Charter Behavioral Health Sys. of LaFayette, Inc.*, 242 F.3d 610, 614 (5th Cir. 2001) (finding no substantial limitation in the plaintiff's ability to stand or sit although she could do neither continuously for more than an hour); *Taylor*, 177 F.3d at 186 (finding that plaintiff who walked with slight limp and required ten-minute breaks during each hour of standing was not disabled); *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 644 (2d Cir. 1998) (reversing jury determination that police officers who could not stand for "prolonged" periods were disabled); *cf. Oesterling v. Walters*, 760 F.2d 859, 861 (8th Cir. 1985) (finding that the district court did not clearly err in concluding that plaintiff was not "handicapped" within the meaning of the Rehabilitation Act by varicose veins, because although her "varicosities . . . rapidly became distended on standing, they drained well at rest").

Of particular note, the Second Circuit in *Colwell v. Suffolk County Police Department* reversed a jury's finding of disability in favor of police officers who suffered from impairments resembling that of Williams. 158 F.3d at 639. Like Williams, one officer testified that he could not stand in one spot for "any period of time" without

experiencing excruciating pain. *Id.* The court found that limitation insubstantial because the officer's discomfort was relieved by moving around. *Id.* at 644. Another officer testified that he could not stand "for a long period of time" and that when he did stand for long periods, he would experience pain in his lower back and a shooting pain in his leg. *Id.* at 640. That officer's physician reaffirmed that the officer could "maybe" stand "half an hour to an hour at a time." *Id.* Even so, the court found the evidence insufficient to show that the officer was substantially impaired in, among other things, the ability to stand as compared with the average person. *Id.* at 644. We can find no meaningful distinction between Williams's impairment, an inability to stand for more than thirty to forty minutes without pain and discomfort, and those at issue in *Colwell*.[2]

---

[2]  It is not clear whether Williams is also claiming a substantial limitation in his ability to lift. If he is, then, without more, his inability to lift more than fifty pounds did not render him disabled. *See Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir. 1996) (per curiam) (holding "that a twenty-five pound lifting limitation—particularly when compared to an average person's abilities—does not constitute a significant restriction on one's ability to lift"); *Ray v. Glidden Co.*, 85 F.3d 227, 229 (5th Cir. 1996) (per curiam) (holding that the inability to perform "heavy lifting" is not a substantial limitation in a major life activity); *cf. Mays*, 301 F.3d at 869 (doubting that the ability to lift more than ten pounds is a major life activity); *Contreras v. Suncast Corp.*, 237 F.3d 756, 763 (7th Cir. 2001) (finding no substantial limitation in the ability to work of someone with a 45-pound lifting restriction). Williams's additional claim of having difficulty lifting objects off the floor is simply too vague to facilitate a comparison of his abilities with those of the average person, and therefore insufficient to overcome summary judgment. *Burks*, 464 F.3d at 756 ("Such

(continued...)

Further, Williams's inability to balance on one leg does not alter our conclusion. It is simply far from obvious that the average person needs to balance on one leg on a routine basis so as to stand. *Cf. Davidson v. Midelfort Clinic*, 133 F.3d 499, 507 (7th Cir. 1998) ("Even if we accept Davidson's argument that difficulty dictating amounts to difficulty speaking, it is not at all clear that Davidson's limitations vis-a-vis dictation could reasonably be considered to be a substantial limitation on her ability to speak. We venture to guess that many if not most people find no need to dictate in the course of their day-to-day lives."). Even if the average person can balance on one leg and Williams cannot, that incapacity has a minimal, not *substantial*, impact on his ability to stand. And, the record reflects exactly that: on the infrequent and short-lived occasions when Williams might like to balance on one leg, as when putting on pants, a slight modification—holding onto a surface for support—allows him to overcome his balancing problem.

### III.  CONCLUSION

In view of the regulations defining "substantial limitation" under the ADA, our common sense understanding of the term, and the weight of authority, we conclude that no reasonable jury could find that Williams is disabled within the meaning of the ADA. Although Williams is

---

[2]  (...continued)
vague claims of difficulty standing or sitting for 'extended periods of time' were found not to create a material issue of fact by the Eleventh Circuit because the impairments were 'couched in vague terms and unaccompanied by any evidence that the described afflictions were any worse than is suffered by many adults.'" (quoting *Rossbach v. City of Miami*, 371 F.3d 1354, 1358-59 (11th Cir. 2004))).

certainly impaired in his ability to stand, missing here is any indication that his ability to stand is far below average. Therefore, we AFFIRM the judgment of the district court.

A true Copy:

　　　Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*