**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010[*]
Decided October 21, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-1927

| | |
|---|---|
| EUGENE ZAHURANCE, <br> *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 08-C-1104 |
| VALLEY PACKAGING INDUSTRIES, <br> INC., | |
| *Defendant-Appellee*. | William C. Griesbach, <br> *Judge*. |

**O R D E R**

Eugene Zahurance sued Valley Packaging Industries, Inc. (VPI), his former employer, alleging that it discriminated against him in violation of the Americans with Disabilities Act. *See* 42 U.S.C. § 12101 et seq. The district court granted summary judgment in favor of VPI. Zahurance appeals and we affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

VPI employed Zahurance as a production worker from 1989 until his termination in 2008.  In 1998 Zahurance suffered injuries to his back in an automobile accident.  The accident caused neck pain and two permanently herniated disks in his back, and in 2003 Zahurance's doctor imposed lifting restrictions.  At that time Zahurance gave his supervisor a physician's note restricting him to lifting no more than 35 pounds on an occasional basis and 20 pounds on a regular basis.

According to Zahurance, after receiving the physician's note, VPI tried to accommodate him by limiting his work with heavy items, but at the same time began waging a campaign of discrimination against him that included demotion, extended periods of layoff, and ultimately termination in 2008.  Zahurance began to suspect discrimination after he pursued an explanation for his termination and was supposedly told that lifting restrictions were "part of the problem."  VPI denies any discrimination, justifying Zahurance's termination by pointing to his last four annual performance reviews showing that he struggled to maintain the company's minimum productivity standard.

In granting summary judgment to VPI, the district court found that Zahurance failed to establish a prima facie case of discrimination because he could not show he was disabled within the meaning of the ADA.  The court concluded that Zahurance's lifting restrictions did not substantially limit a major life activity.  The court also determined that Zahurance could not show that VPI regarded him as having an impairment that substantially limited a major life activity.

Zahurance's strongest argument on appeal is not well developed, but he disputes the district court's decision that his lifting restrictions alone did not establish a disability under the ADA.  It is true the ADA has been amended to expand the definition of "major life activity" to include lifting.  42 U.S.C.A. § 12102(2)(A).  But the amendments did not become effective until January 1, 2009—after the events in this case—and they do not apply retroactively.  *See Fredricksen v. United Parcel Service, Co.*, 581 F.3d 516, 521 n.1 (7th Cir. 2009) (citing *Lytes v. DC Water and Sewer Authority*, 572 F.3d 936, 939-42 (D.C. Cir. 2009)).  Before the amendments went into effect, lifting restrictions like Zahurance's were insufficient to establish a substantial limitation on a major life activity.  *See Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 781-83 (7th Cir. 2007) (25- to 30-pound restriction does not substantially limit ability to work); *Williams v. Excel Foundry & Machine, Inc.*, 489 F.3d 309, 312 n.2 (7th Cir. 2007) (50-pound restriction does substantially limit ability to lift).  Indeed, we observed that "[t]he number of Americans restricted by back problems to light work is legion.  They are not disabled."  *Mays v. Principi*, 301 F.3d 866, 869-70 (7th Cir. 2002) (expressing doubt that a 10-pound restriction would establish a disability).  Zahurance cannot point to any evidence to disturb the district court's well-grounded conclusion that he did not establish a prima facie case of discrimination.

Zahurance also asserts that the district judge was biased toward him as a pro se litigant. In cursory fashion he suggests that this bias is shown by the court's grant of summary judgment (effectively denying his demand for a jury), the court's suggestion during the scheduling conference that he seek counsel, and the court's denial of his motion to compel discovery of e-mails that he claimed would reveal a "smoking gun." This argument is baseless. None of these examples remotely reflects the "high degree of favoritism or antagonism" that would make "fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994); *United States v. White,* 582 F.3d 787, 807 (7th Cir. 2009).

Finally Zahurance asserts that the use of local rules in federal court is unconstitutional because Congress has the sole power to create rules for federal courts. This argument is frivolous; district court have the discretion to adopt local rules. *Hollingsworth v. Perry*, 130 S.Ct. 705, 710 (2010).

AFFIRMED.